IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES P. GRAHAM and<br>RAY S. TOLSON, III, | § § § | |
| Appellants, | § § | |
| v. | § § | CIVIL ACTION NO.<br>3:05-CV-0332-P |
| LEWIS EUGENE WOOD, | § § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Appellants' James P. Graham and Ray S. Tolson, III ("Appellants") appeal of the bankruptcy court's order dismissing their adversary proceeding for want of prosecution. After careful review of the record, the Parties' briefing, and the applicable law, the Court hereby AFFIRMS the bankruptcy court's order.

## FACTS

After Appellee Lewis Eugene Wood ("Appellee") filed for Chapter 7 bankruptcy protection, Appellants filed their Objection to Dischargeability. At the docket call, Appellants announced not ready and requested a continuance. The bankruptcy court denied the motion and dismissed the case for want of prosecution. Appellants filed this appeal seeking reversal of the bankruptcy court's order of dismissal.[1]

---

[1] "Rule 8006 provides that the record on appeal from a bankruptcy court decision consists of designated materials that became part of the bankruptcy court's record in the first instance." *In re CPDC, Inc.,* 337 F.3d 436, 443 (5th Cir. 2003). The rule does not permit parties to add items to the record on appeal to the district court if they were not part of the record before the bankruptcy court. *See id.* Therefore, The Court may only consider those facts that were before the bankruptcy court at the time of its decision dismissing Appellants' case.

Appellants filed their Objection to Dischargeability on March 22, 2004. (R. at 13, 20.) The case was originally scheduled for trial on August 9, 2004.  On May 21, 2004, Appellants served Appellee with discovery requests.  (R. at 46.)  Appellee responded to the discovery on June 18, 2004.  (R. at 46, 134.)  Appellants deemed the responses insufficient and filed a motion to compel on July 8, 2004.  (R. at 15, 46.)  On August 9, the day the case was scheduled for trial, the court continued the trial docket call to November 8, 2004.  (R. at 15.)

On August 31, 2004, the court ruled on Appellants' motion to compel and ordered Appellee to furnish additional responses to certain interrogatories and to produce certain documents.  (R. at 119.)  The court also reset the discovery deadline for October 12, 2004.  (R. at 124.)  On September 10, 2004, Appellee supplemented his discovery in response to the order to compel.  (R. at 125, 134.)

Appellants issued subpoenas duces tecum to several non-parties on October 11, November 5, and November 8, 2004.  (R. at 134.)

At the docket call on November 8, 2004, Appellants declared they were not ready for trial and filed a motion for continuance so that they could complete discovery.  (R. at 133, 178.)  The court denied the motion for continuance, and dismissed the case for want of prosecution.  (R. at 181.)  An order dismissing the case was entered on November 15, 2004.  (R. at 148.)

Appellants filed a Rule 59(e) motion to reinstate/motion for a new trial on November 24, 2004.  (R. at 150.)  The bankruptcy court denied the motion on January 7, 2005.  (R. at 172.)  Appellants now appeal the bankruptcy court's order dismissing the case for want of prosecution and/or the denial of the Rule 59(e) motion.

## DISCUSSION

**A.     Motion for Continuance.**

In its ruling, the bankruptcy court dismissed Appellants' case because Appellants had no reasonable explanation for their need for a continuance, because Appellants announced they were not ready for trial, and because the case had already been continued from the August 9, 2004 trial date. (R. at 148-49.)

The court reviews the lower court's denial to extend a scheduling order deadline for abuse of discretion. Rule 16(b) requires a movant to show good cause for modifying the scheduling order. *See* Fed. R. Civ. P. 16(b). The good cause requirement of Rule 16(b) applies after a deadline has expired. *See S&W Enterps. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *See id.* Courts have broad discretion to allow or disallow scheduling order modifications. *See id.*

On the day of trial, Appellants appeared before the bankruptcy court, announced they were not ready for trial, and moved for a continuance of the case. In their motion for a continuance, Appellants explained that they needed additional time to conduct discovery. They explained in their motion that they had received supplemental discovery responses from Appellee on September 10, 2004 and that they had issued subpoenas duces tecum to non-parties on October 11, November 5, and November 8. Yet Appellants offered no facts to support their contention that they had been diligent in conducting their discovery. In fact, there was no evidence of any diligence between September 10 and October 11. Furthermore, they did not give any reason for failing to seek an extension of the discovery deadline. They did not explain why good cause existed for the

continuance and they did not give any reason for waiting until the day of trial to request the continuance.

Based on these facts, the Court finds that the bankruptcy court acted within its discretion when it denied Appellants' motion for a continuance.

Appellants took a big risk when they chose to appear on the first day of trial with a motion for a continuance and a "not ready" announcement. If their motion was not granted, there would be no option other than to dismiss the case. The court could not compel Appellants to go to trial. This is an unusual situation and differs from the *Berry* case relied on by Appellants. *See Berry v. CIGNA/RSI CIGNA,* 975 F.2d 1188, 1191 (5th Cir. 1992). In *Berry*, the issue was whether the court abused its discretion by dismissing the case with prejudice. In this case, the issue is whether the bankruptcy court abused its discretion by denying the motion for a continuance. The Court finds that it did not. Having denied the motion for continuance, the bankruptcy court was left with no option other than to dismiss the case because Appellants were not ready for trial.

**B.     Rule 59(e) Motion.**

According to the Fifth Circuit, there are three basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to correct a clear error of law or prevent manifest injustice. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Appellants' did not argue in their Rule 59(e) motion that the bankruptcy court based its ruling on a manifest error of law or fact. Appellants simply used the motion as an opportunity to

relitigate its position. They offered no new evidence. And they made no showing that the ruling resulted in a clear error of law or caused manifest injustice.

Therefore, the Court hereby AFFIRMS the bankruptcy court's ruling.

It is SO ORDERED, this 29th day of June 2005.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE